IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>JEREMY JONES,<br><br>**Defendant.** | Case no. 19-CR-00071-MRB (24)<br><br><br>**MOTION FOR DISCOVERY** |

Now Comes Defendant, by and through his attorney, LaToya Berry, Pursuant to Rule 16 of the Federal Rules of Criminal Procedure and requests the following discovery in the above-captioned matter:

1. Any and all oral, written, or recorded statements or testimony made by Defendant to any law enforcement officer, informant, or other government agent or employee, including the portion of any person's written record or report which includes the substance of such statements repeated, reported, or incorporated into the document. This request includes any summaries of oral statements, any response to Miranda warnings, any grand jury testimony by Defendant, and any transcripts of tape recordings in addition to the tapes themselves.

2. Defendant's prior criminal record, including any arrests or convictions. This should include any and all international, federal, state, or local records.

3. Any and all "other crimes" or uncharged misconduct which the government intends to offer either in its case-in-chief, for impeachment or in rebuttal pursuant to Rule 404(b) of the Federal Rules of Evidence.

4. A copy of, or notice of, and an opportunity to inspect, all books, papers, documents, photographs, tangible objects or identification of buildings or places, which are material to the preparation of a defense, or intended for use in any way by the government at trial –

including direct introduction or indirect reference –or which were obtained from or belong to Defendant.

5. The results or reports of any physical or mental examinations, scientific experiments or tests within the possession, custody or control of government, the existence of which is known or by exercise of due diligence may become known to the attorney for the government, and which are either intended for use by the government at trial through either direct introduction or indirect reference or which are material to the preparation of a defense –this latter category includes examinations or tests which were incomplete, inconclusive or not intended to be used by the government at trial.

6. Written summaries of testimony which the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence, including each such witnesses' opinions, the bases and reasons for each such opinion, and each such witnesses' qualifications.

7. All information or material known to the government which may be favorable to Defendant on the issues of guilt or punishment, without regard to materiality, within the scope of Brady v. Maryland, 373 U.S. 83 (1963); U.S. v. Bagley, 473 U.S. 667 (1985); and Kyles v. Whitley, 514 U.S. 419 (1995), U.S. v. Agurs, 427 U.S. 97 (1976), and their progeny, including:

    a. Any material or information which would tend to attenuate, exculpate, exonerate, mitigate or reduce or limit Defendant's involvement in or liability for any of the circumstances alleged in the indictment. 3

    b. Any material or information that affects the credibility of any government witness or which would be of assistance in the cross examination of any government witness, including (a) prior criminal records including juvenile court matters or arrests which did not result in conviction; (b) any records and information revealing prior misconduct or bad acts; (c) inconsistent statements; (d) self-incriminating statements; (e) inconclusive or deceptive performance on any portion of a polygraph examination; (f) any threats, investigations, or possible prosecutions pending or which could be brought against the witness; (g) any supervision status; (h) any pending or potential legal dispute with any local, state or federal government or agency; (i) information concerning any possible motive of the witness in offering statements or testimony; (j) information concerning any agreements, deals, promises or inducements offered, discussed or made with a witness by any local, state or federal government employee, without regard to whether or not such employee was authorized to offer such to the witness; (k) sufficient identification of each occasion on which the witness has previously testified so the defense counsel may investigate such matters and obtain transcripts if necessary; (l) personnel and government files concerning the witness; and (m) whether the witness has ever had his or her credibility or reliability questioned or doubted by any court, prosecutor, or law enforcement agent.

c.   Any material or information concerning other potential witnesses whose testimony might tend to weaken any portion of the government's case, or contradict any government witness, or strengthen the defense case.

d.   Any material or information which might raise questions concerning (a) the probative value of any physical evidence which the government intends to use at trial; (b) the good faith or thoroughness of the investigation conducted by any law enforcement personnel which contributed to this indictment, or law enforcement reliance on unreliable informants or information.

e.   Any statements, testimony or physical evidence concerning criminal conduct relevant to the allegations contained in the indictment, but which do not include reference to Defendant. For example, this would include prior statements of a government witness in which the witness was listing persons known by him to have committed relevant criminal acts, where such statement did not include a reference to Defendant. As another example, this would include the recovery of photographs or latent fingerprints from a crime scene, where such photographs did not show the Defendant or the fingerprints did not include prints of the Defendant.

8.   Pre-sentence reports of witnesses or codefendants.

9.   All oral, written, or recorded statements or testimony made by codefendants to any law enforcement officer, informant, or other government agent or employee, including the portion of any person's written record or report which includes the substance of such statements repeated, reported, or incorporated into the document. This includes any summaries of oral statements, any response to Miranda warnings, any grand jury testimony, and any transcripts of tape recordings in addition to the tapes themselves.

10.  The substance of any hearsay statements the government intends to offer under Rule 807 of the Federal Rules of Evidence.

11.  Any statements or the substance of such statements that the government alleges are admissible as statements of a coconspirator made during the course and in furtherance of the conspiracy.

12.  The personnel file of any federal government agent that should be reviewed for any past instances of dishonesty or misconduct.

13.  The existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective witnesses, within the scope of United States v. Giglio, 405 U.S. 150 (1972), including any documents which reflect, or information concerning, any agreement with the witness, any conduct, requirements or performance expectation of the witness, any payment promised to or made to the witness,

any requests by the witness for payment, or any items submitted by the witness for payment, and the dates, times and amounts of any payments or promises given.

14. Any record of prior convictions of any alleged informant who will testify for the government at trial. Such information is of course impeachment for any government witness, and thus your production or response to this section should not be confined to persons whose testimony arose from confidential or undercover activities, but would include the prior record of any government witness.

15. Disclosure of the identity and whereabouts of confidential Government informants whose testimony the Government intends to offer at the trial or who were utilized during the instant case investigation. This request encompasses any informant:

    a. Who was an eyewitness to any of the offenses charged in the indictment;

    b. Who was a participant in any of the offenses charged in the indictment ;

    c. Whose testimony is offered in an attempt to establish any wrongful conduct of the Defendant not alleged in the indictment; or

    d. Who provided information which resulted in the targeting of the Defendant in the investigation.

16. If a lineup, show-up, photo spread or similar procedure was used in attempting to identify Defendant, the exact procedure and participants shall be described and the results, together with any pictures and photographs. Identification requests which did not result in the identification of Defendant are of course Brady and possible impeachment and thus would be included in your response.

17. If any vehicle, vessel or aircraft was allegedly utilized in the commission of any offenses charged, an opportunity for myself and/or any expert selected by the defense to inspect it, if it is in the custody of any governmental authority. Identification of any vehicle described as being involved in the commission of the offense and as being owned by or in the control of Defendant shall also be disclosed under this provision. Identification of any vehicle described as being involved in the commission of the offense and as not being owned by or in the control of Defendant should also be disclosed as Brady and possible impeachment and thus would be included in your response.

18. Copies of any latent fingerprints, prints of any type, and any reports concerning those prints. Of course, any latent fingerprints identified as not being those of the Defendant should also be provided as Brady and possible impeachment.

19. Information concerning whether or not the Defendant was an "aggrieved person" as defined in 18 U.S.C. §2510(11).

20. That you arrange for transcription of the grand jury testimony of all witnesses who will testify in the government's case in chief, which is subject to Federal Rule of Criminal Procedure 26.2 and 18 U.S.C. §3500. Of course, statements discoverable under Brady and Jencks include all relevant prior statements of a witness, including trial or pretrial testimony and reports which include verbatim descriptions of the witness or which have been adopted by the witness.

21. Early production of "Jencks Act statements" in order to avoid delay or necessity for continuance during trial. Please inform me as to when this material will be available.

22. That all government agents and officers involved in the case preserve all rough notes. To the extent those notes contain any of the information or material mentioned above, or are discoverable under Jencks, the notes should be provided to us through copies or an opportunity for inspection.

23. A copy of any rules or regulations for all federal agencies involved governing the procedures concerning handling and paying an informant, undercover activities, and recordings of conversations done in person, by telephone or any other manner.

Respectfully submitted,

s/LaToya Berry

LaToya Berry
OH Bar#0091814
Attorney for Defendant
PO Box 291
Dayton, OH 45322
Tel.     (618) 567-4837
Fax     (866) 333-7175
Email: missberry_esq@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2019, I electronically filed a copy of the foregoing with

the Clerk of Court using the CM/ECF system which will send notification of such filing to all other

parties of record in this case, including:

Christy Muncy, AUSA
United States Attorney's Office
221 East Fourth Street
Suite 400
Cincinnati, OH 45202

/s/ LaToya Berry
OH Bar # 91814
ATTORNEY FOR DEFENDANT
PO Box 291
Dayton, Ohio 45322
Tel.     (618) 567-4837
Fax     (866) 333-7175